DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lisa Doss nka Commings ("Commings"), appeals from a judgment of the Medina County Court of Common Pleas, Juvenile Division, that overruled her objections to a magistrate's decision that modified child support. This Court affirms.
 I {¶ 2} Commings and Appellee Augustus G. Adkins ("Adkins") are the parents of Augustus V. Adkins ("the child"), born November 11, 1993. Although the parties were never married, Adkins formally acknowledged paternity. The parties apparently resided together for a period of time and, after they established separate residences, the child resided with Commings. On March 13, 2000, Adkins filed a complaint in juvenile court, seeking an allocation of parental rights and responsibilities. The trial court later awarded Adkins visitation rights and ordered him to pay child support.
 {¶ 3} On May 14, 2002, Adkins filed a motion to modify the child support order, contending that there had been a change of circumstances. After the parties unsuccessfully attempted to reach an agreement, a hearing was held before a magistrate on December 3, 2002. Adkins appeared at the hearing and presented evidence; Commings failed to appear. The magistrate modified the child support award and awarded Adkins the income tax dependency exemption for the child.
 {¶ 4} Commings timely filed objections to the magistrate's decision without a transcript of the hearing. The trial court later ordered Commings to file a transcript, granted her an extension of time to do so, and provided her with a copy of the audiotape recording of the hearing, but Commings still failed to file a transcript of proceedings. Instead, she filed an unsworn, uncertified "summary" of the evidence presented at the hearing. The trial court failed to review the merits of her objections, explaining that the summary submitted by Commings was not sufficient to support her objections. The trial court overruled the objections and adopted the magistrate's decision.
 {¶ 5} Commings has timely appealed, raising one assignment of error.
 II Assignment of Error
"At the time of modification of a support award it is error to award the tax dependency exemption to the non-residential parent based upon a magistrate's decision which does not contain sufficient findings to justify the court awarding to the non-residential parent, the tax dependency exemption."
 {¶ 6} Commings has asserted that the trial court erred in overruling her objection to the magistrate's decision because the decision to award the income tax dependency exemption to Adkins was not supported by the evidence presented at the hearing.[1] Because Commings failed to preserve this issue for appellate review, this Court will not reach the merits of her argument.
 {¶ 7} Objections to the decision of a juvenile court magistrate must comply with Juv.R. 40(E). At the time Commings filed her objections to the magistrate's decision, Juv.R. 40(E)(3)(b) required that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available."[2]
 {¶ 8} Although Commings did not challenge a finding of fact per se, the resolution of this issue necessarily involved a factual analysis of the evidence presented at the hearing before the magistrate. Consequently, Commings was required to support her objection with a transcript of the proceedings held before the magistrate. See In reDando (Apr. 30, 2002), 11th Dist. No. 2001-T-0075 (holding that an objection that the magistrate improperly considered evidence presented at the hearing necessarily required the trial court to review that evidence and, therefore, a transcript was required to support such an objection and preserve the right to appellate review of the issue).
 {¶ 9} Former Juv.R. 40(E)(3)(b) provided, in relevant part, that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."[3] Because Commings failed to support her objections with a transcript of proceedings, she is precluded from raising this issue on appeal and this Court will not reach the merits of her argument. See In re Jefferson (Oct. 25, 2000), 9th Dist. Nos. 20092 and 20110, at 4. The assignment of error is overruled.
 III {¶ 10} The assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Baird, P.J. and Batchelder, J. concur.
[1] Although Commings has purported to challenge the magistrate's decision on its face, she has failed to point to any facial defect but instead focuses on the absence of evidence supporting the magistrate's decision.
[2] Effective July 1, 2003, Juv.R. 40(E) was amended to emphasize the importance of filing proper objections.
[3] Juv.R. 40(E) now emphasizes that the failure to raise issues through timely objections to the magistrate's decision constitutes a waiver of appellate rights. Additional language is now included at the beginning of Juv. R. 40(E)(3)(a) to emphasize that a party may properly file timely objections to a magistrate's decision even if the trial court already adopted that decision. The language set forth above is now included in its own separate subdivision, Juv.R. 40(E)(3)(d), and bears the heading, "Waiver of right to assign adoption by court as error on appeal." New language was also added, requiring the magistrate's decision to include a conspicuous statement about the potential waiver of appellate rights by failing to raise issues through timely objections. See Juv.R. 40(E)(2). See, also, Staff Notes to Juv.R. 40(E).